**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4577

CLAYTON HOWARD FERGUSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-99-158-4-2)

Submitted: February 29, 2000

Decided: March 28, 2000

Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. James Hoffmeyer, NETTLES, MCBRIDE & HOFFMEYER,
P.A., Florence, South Carolina, for Appellant. Rose Mary Davis,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Clayton H. Ferguson pled guilty pursuant to a plea agreement to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846 (1994). On four occasions, Ferguson sold a quantity of crack cocaine to a confidential informant cooperating with the Drug Enforcement Administration. Each purchase of drugs was examined and weighed in a lab. The four transactions yielded 129.8 grams of crack cocaine. Ferguson was sentenced to eighty-seven months imprisonment, followed by five years of supervised release.

Counsel for Ferguson has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious ground for appeal. Although Ferguson was informed of his right to file a supplemental, pro se brief, he has not done so. Counsel alleges only that the district court erred in finding Ferguson responsible for 129.8 grams of crack cocaine.

This Court reviews for clear error the district court's calculation of the amount of drugs attributable to a defendant at sentencing. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). The burden of proof rests with the government to establish the amount by a preponderance of the evidence. United States v. Morsley, 64 F.3d 907, 915 (4th Cir. 1995). As we have noted, the amounts in this case were determined by a laboratory after the purchases. The total weight of the crack cocaine, as found by the lab, was 129.8 grams. Therefore, the district court did not err in relying on this quantity of drugs in sentencing Ferguson.

Pursuant to the Supreme Court's ruling in Anders , we have reviewed the record for reversible error and found none. We therefore affirm Ferguson's conviction and sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We deny counsel's motion to be relieved from the case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3